IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| GERALD CHAMBERLAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| SSM HEALTH CARE ST. LOUIS, | ) | **JURY TRIAL DEMANDED** |
| a Missouri non-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

### Sexual Harassment and Retaliation
### In Violation of Title VII of the Civil Rights Act of 1964,
### as amended, 42 U.S.C. § 2000(e) et seq.

COMES NOW Plaintiff, Gerald Chamberlain, by counsel, and for his Complaint for Damages against Defendant, SSM Health Care St. Louis, a Missouri non-profit corporation, states to the Court as follows:

1.      That Plaintiff, Gerald Chamberlain, is, and was at all times pertinent to this cause of action herein, a citizen of the United States of America and a resident of Lincoln County, Missouri.

2.      That Defendant, SSM Health Care St. Louis, is, and was at all times pertinent to this cause of action herein, a Missouri non-profit corporation, licensed and in good standing to do business in the State of Missouri and engaged in the health care industry, an industry affecting commerce, with facilities located in St. Charles County, Missouri, where Plaintiff was physically working, and in St. Louis County, Missouri, where its corporate headquarters are located.

3.      That jurisdiction over this Complaint is based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

1

4.      That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.      That Defendant, SSM Health Care St. Louis, a Missouri non-profit corporation, is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., in that Defendant is, and was at all times pertinent to this cause of action herein, engaged in the healthcare industry, an industry affecting commerce, and has employed fifteen (15) or more employees per working day in each of twenty (20) or more calendar weeks in the current and preceding year.

6.      That Plaintiff had been employed with Defendant for eight plus (8+) years, from April 2010 until he was terminated from his employment on May 8, 2018.

7.      That throughout most of Plaintiff's employment with Defendant, from April 2010 until November 12, 2017, when he sustained a work-related injury and went on an extended medical leave of absence, he held the title of Security Officer and worked at SSM Lake St. Louis, 100 Medical Plaza, Lake St. Louis, Missouri 63367.

8.      That during the remainder of Plaintiff's employment with Defendant, from March 13, 2018 until the date of his termination, on May 8, 2018, he held the title of Security Officer and worked light duty and was assigned to work at SSM St. Joseph Health Center, 300 First Capitol Drive, St. Charles, Missouri 63303.

9.      That starting in April 2017, when Plaintiff worked at SSM Lake St. Louis, Plaintiff was repeatedly and pervasively subjected to sexual harassment by Jeff Burke, his Team Leader and Supervisor. Specifically, while Plaintiff and Jeff Burke were in Jeff Burke's office, Jeff Burke, on multiple occasions, rubbed his genitals over his pants while maintaining eye contact with

Plaintiff, while simultaneously making statements such as "I'm so horney" and making sexual "moaning" noises while calling out Plaintiff's name.

10.     That starting in approximately May 2017, Plaintiff complained to Jeff Burke about Burke's sexual harassment of Plaintiff.

11.     That in the meantime, other employees told Plaintiff that they had also been subjected to this same type of sexual behavior by Jeff Burke.

12.     That after Plaintiff complained to Jeff Burke about the sexual harassment of Plaintiff, Jeff Burke's attitude toward Plaintiff changed, such that Jeff Burke ignored Plaintiff and started minor conflicts with him on a regular basis.

13.     That starting in June 2017, Jeff Burke started retaliating against Plaintiff by denying Plaintiff a promotion/title that he was promised upon being hired, Jeff Burke told Plaintiff's co-workers to stand up to Plaintiff and not to take Plaintiff seriously, Jeff Burke told Plaintiff that if a conflict occurred between Plaintiff and other employees, that he, Jeff Burke, would back the other employees over Plaintiff, and Plaintiff was called into a meeting by Jeff Burke with an individual named Josh, who was Plaintiff's Direct Supervisor under Jeff Burke, and Plaintiff was accused of having behavior issues with nurses, even though the House Supervisor, Angie (last name unknown), told Plaintiff that those allegations were 100% false.

14.     That on September 18, 2017, Plaintiff was given an unwarranted "Written Corrective Action", even though he did nothing wrong.

15.     That in October 2017, Plaintiff complained to SSM's Human Resources Department about Jeff Burke's sexual harassment and mistreatment of him.

16.    That in October and November of 2017, after complaining to SSM's Human Resources Department about Jeff Burke's sexual harassment and mistreatment of him, Plaintiff was further repeatedly and pervasively subjected to sexual harassment by Jeff Burke, and Plaintiff was further retaliated against by being denied meetings with his supervisors to discuss the write-ups, he was placed on a Performance Improvement Plan (PIP), and he was forced to do things (such as e-mail three separate people in order to use PTO) that no other comparable employee was required to do.

17.    That when Plaintiff was allowed to return to work light duty on March 13, 2018, following his medical leave of absence, he was further retaliated against by not being allowed to work at SSM Wentzville, which was only ten (10) minutes from his home and where he had requested that he be assigned to work, but instead he was assigned to work at SSM St. Joseph Health Center, which was approximately forty-five (45) minutes from his home, even though he had previously been repeatedly told by Jeff Burke that there was always light duty work for Security Officers to do at SSM Wentzville.

18.    That on March 27, 2018, after returning to work light duty following his medical leave of absence and having been assigned to work at SSM St. Joseph Health Center, Plaintiff was further retaliated against by being given an unwarranted "Final Corrective Action".

19.    That thereafter, Plaintiff continued to be retaliated against, including on May 1, 2018 or May 2, 2018, when his new Supervisor, Rebecca (last name unknown), made up some unwarranted false allegations about him, ultimately resulting in Plaintiff's termination on May 8, 2018.

4

20.     That the conduct of Defendant, as set forth above, was done maliciously and with evil motive or in reckless disregard for the rights of Plaintiff.

21.     That on July 19, 2018, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights, which was assigned Charge Number E-07/18-49757 by the Missouri Commission on Human Rights and which was dually filed with the St. Louis District Office of the Equal Employment Opportunity Commission and assigned Case Number 28E-2018-01309C by the Equal Employment Opportunity Commission, charging Defendant, SSM Health Care St. Louis, with sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

22.     That the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue, dated March 6, 2019.

23.     That as a proximate result of Plaintiff being terminated from his employment, he sustained and will continue to sustain damages consisting of past and prospective losses in pay and benefits.

24.     Further, that as a proximate result of Defendant engaging in the above-referenced conduct, Plaintiff has sustained emotional distress.

WHEREFORE, Plaintiff, Gerald Chamberlain, prays for judgment in his Complaint for Damages against Defendant, SSM Health Care St. Louis, a Missouri non-profit corporation, for actual, compensatory and punitive damages in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00); for his reasonable attorney's fees incurred herein; for his Court costs and expenses incurred herein; and for whatever and further relief the Court deems just and proper.

5

Respectfully submitted,

By: _David M. Heimos_

   David M. Heimos, #8069
   Attorney for Plaintiff
   230 S. Bemiston, Suite 1200
   Clayton, Missouri  63105
   (314) 862-3333 Ext. 17
   (314) 862-0605 Facsimile
   davidmheimos@heimoslaw.com